UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                               CRIMINAL ACTION

VERSUS

DARRYL T. JONES                                        NO. 24-00016-BAJ-EWD

### ORDER

On February 22, 2023, a one-count Indictment was issued charging Defendant with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Following the Court's decision in *United States v. Leblanc*, No. CR 23-00045, 2023 WL 8756694, at *1 (M.D. La. Dec. 19, 2023), which held that 18 U.S.C. § 922(g)(1) was unconstitutional as applied in light of the U.S. Supreme Court's ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Defendant moved to dismiss his indictment, (Doc. 23).

Recently, in *United States v. Rahimi*, 602 U.S. ___ (2024), the Supreme Court found that § 922(g)(8) is constitutional but explicitly limited its holding to that statute. *Id.* ("Our analysis starts and stops with Section 922(g)(8)(C)(i). . . ."). On the Court's instruction, the parties have since briefed the necessity of a further stay given the *Rahimi* decision. (*See* Docs. 26, 27).

Defendant requests that the stay be continued until the Fifth Circuit rules specifically on the constitutionality of § 922(g)(1). (Doc. 27). Numerous challenges to § 922(g)(1) are before the Fifth Circuit, including *United States v. Diaz,* No. 23-50452, which was argued on July 10, 2024.

The Government requests that the stay be lifted because *Rahimi* "instructs that the disarmament of felons is presumptively constitutional." (Docs. 26 at p. 3). According to the U.S. Attorney in this forum, after *Rahimi*, "there is no room to argue" that § 922(g)(1) is unconstitutional. (*Id.*). But the U.S. Attorney's position here clashes with the U.S. Attorney General's position in briefs to the Supreme Court. *See, e.g.*, Suppl. Br. for the Federal Parties at 2, *Merrick B. Garland, et al. v. Bryan David Range*, ___ S.Ct. ___ (2024) (No. 23-374). The Government there, acknowledging that there might, in fact, be room for argument after *Rahimi*, urged the Supreme Court to separately decide § 922(g)(1)'s constitutionality because *Rahimi* "is unlikely to fully resolve the existing conflict" among courts. *Id.*

Here, the Court concurs with Defendant and the Solicitor General's assessment of *Rahimi*'s impact on the constitutionality of § 922(g)(1) post-*Bruen*. *Rahimi* did not satisfactorily resolve the issues present in this case. The apparent inconsistency in the Government's own positions on the issue further supports this conclusion. Accordingly, the Court will extend the stay of this matter until the Fifth Circuit provides further guidance on the constitutionality of § 922(g)(1).

Accordingly,

**IT IS ORDERED** that the stay entered on April 17, 2024, be and is hereby **CONTINUED** pending further direction from the U.S. Court of Appeals for the Fifth Circuit as to the constitutionality of 18 U.S.C. § 922(g)(1).

**IT IS FURTHER ORDERED** that at any time prior to the expiration of the stay set forth herein, any party may move to lift the stay, setting forth good cause for

why the stay should be lifted.

**IT IS FURTHER ORDERED** that the time Defendant's case is stayed is excluded from the time limitations of the Speedy Trial Act, 18 U.S.C. § 3161. Specifically, the Court finds that Defendant requires a stay beyond his current hearing date for the reasons set forth in Defendant's Brief Regarding Stay, (Doc. 27). The Court determines that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" because failure to grant this continuance would result in a miscarriage of justice. *Id.* at § 3161(h)(7).

Baton Rouge, Louisiana, this 22nd day of July, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**